IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RUDO THOMPSON,**

      Petitioner,

  v.                                                                            **CIVIL ACTION NO. 3:09cv36**
                                                                              **(Judge Bailey)**

**WARDEN JAMES CROSS,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 8, 2009, the *pro se* petitioner, Rudo Thompson, an inmate at USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, challenging a detainer filed by the State of Colorado. The petitioner paid the required filing fee on June 22, 2009.. On June 23, 2009, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On July 27, 2009, the respondent filed his response by filing a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. On July 27, 2009, a <u>Roseboro</u> Notice was issued. To date, the petitioner has failed to file a reply.

### II. FACTS

On November 9, 2000, the petitioner was sentenced in the United States District Court for the District of Colorado to a term of 92 months for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(A) and possession of firearm by a prohibited person in violation of 18 U.S.C. § 922G. In addition he received a consecutive sentence of 60 months for use

1

of and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Accordingly, the petitioner's total term of incarceration was 152 months. On June 23, 2008, the petitioner's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) was granted, and the petitioner's original sentence of imprisonment of 92 months was reduced to 77 months. Therefore, the petitioner's total term of incarceration was reduced to 133 months. (See 1:00-cr-00060-WYD-1). The petitioner's projected release date from the custody of the Bureau of Prisons ("BOP") via Good Conduct Time is May, 28, 2010. (Doc. 12-2, p.3).

The petitioner was originally designated to the FCI Englewood, which is located in Littleton, Colorado. On March 28, 2001, he left FCI Englewood on a state writ. On April 13, 2001, the petitioner was convicted in the Arapahoe County, Colorado District Court in case number 99CR1102 and sentenced to 78 months imprisonment and 3 years parole, to run concurrent with his federal sentence. (Doc. 12-2, p. 8). On April 18, 2001, the petitioner returned to FCI Englewood to continue serving his federal sentence.

After receiving notification of the state sentence, staff at FI Englewood sent a Detainer Action Letter to the Arapahoe County Sheriff's Department ("Sheriff's Department"), acknowledging receipt of a detainer request and informing the Sheriff's Department of the petitioner's then projected release date from BOP custody.[1] The letter further advised the Sheriff's Department that they would be notified sixty days prior to the petitioner's release. (Doc. 12-2, p.6).

On June 12, 2003, the petitioner was transferred to USP Leavenworth, Kansas. On August 12, 2003, the Sheriff's Department sent a certified copy of the Judgment and Conviction in the plaintiff's state case to USP Leavenworth and requesting that a detainer be placed on the petitioner.

---

[1] Under the petitioner's original 152 sentence, his projected release date was February 24, 2011. (Doc.. 12-2, p.6).

(Doc. 12-2, pp. 7-8). On August 25, 2003, staff at USP Leavenworth sent a detainer action letter to Sheriff's Department acknowledging the detainer request and informing them that the petitioner's projected release date was May 12, 2011. (Doc. 12-2, p. 9).

On March 15, 2007, the petitioner was re-designated and transferred to USP Marion, Illinois. On August 15, 2007, staff at USP Marion sent a detainer action letter to the Sheriff''s Department informing them that the petitioner had been transferred. On October 12, 2007, the petitioner was transferred to USP Hazelton.

### III. CONTENTIONS OF THE PARTIES

Petitioner makes the following argument in his Application for Habeas Corpus:

> [the Colorado] Department of Corrections no longer has jurisdiction of Movant due to the sentence being completely served. The D.O.C. informs movant that he must serve the 3 years of mandatory parole but, refuses to parole Movant and prolongs his release from incarceration in doing so. The Movant was sentenced on April 13, 2001 to 78 months (sentence) and 36 months (parole). The Movant has continually been serving this sentence since 2001, concurrently with his federal sentence.

(Doc. 1, p.3).

The respondent argues that the petitioner has failed to exhaust his administrative remedies and has failed to state a claim against the United States.

### IV. STANDARD OF REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion

3

to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order

4

to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## V. ANALYSIS

**A. Exhaustion of Administrative Remedies**

In the response to the petition, the respondent argues that under the PLRA, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). The respondent then cites several cases in which the Supreme Court has held that under the PLRA, Congress has mandated the proper completion of any prison administrative remedy process capable of addressing an inmate's complaint and providing some form of relief prior to filing suit in federal court. See Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 531 U.S. 956 (2001). In addition, the respondent notes that courts have applied these same principles to petitions for writ of habeas corpus. See Pelissero v,. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Wright v. Anderson, 2008 WL 583442 (S.D. W.Va. February 29, 2008).

While the undersigned does not dispute that the PLRA mandates the exhaustion of administrative remedies, or that similar principles have been applied in habeas corpus actions, the respondent's argument misses the mark. The requirements of the PLRA are applicable to civil suits in which a prisoner challenges the conditions of his confinement, not habeas proceedings challenging the execution of a sentence under 28 U.S.C. § 2241. See LaRue v. Adams, 2006 WL 1674487 *5 - *7 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)).[2]

---

[2] In LaRue, the Southern District of West Virginia noted that the purpose of the PLRA was to curtail the filing of frivolous prisoner civil rights actions. LaRue 2006 WL 1674487 at *7. In addition, the Court found it significant that Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) nearly simultaneously with the PLRA and that under the AEDPA Congress established separate procedures for addressing abusive habeas filings. Id. Moreover, the Court found that habeas actions were not typical civil actions because they involve someone's liberty, rather than claims of mere civil liability. Id. The Southern District cited several other district and circuit court cases that have also

Moreover, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See Larue. at *8 (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions).

Here, it is not disputed that petitioner failed to exhaust his administrative remedies prior to filing suit in this court. However, this case has been served, a response has been filed and the matter is ripe for review. Therefore, to dismiss this case for the failure to exhaust at this juncture of the litigation would be a waste of judicial time and resources. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

**B. Failure to State a Claim Against the United States**

The Interstate Agreement on Detainers ("IAD") is a compact among certain states, territories, and the United States regarding transfer of custody from one state to another, or from the federal government to a state, of prisoners who are subject to outstanding charges in another jurisdiction. See Carchman v. Nash, 473 U.S. 716, 719 (1985). As a congressionally-approved compact the IAD is federal law. Id. A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or

---

come to the conclusion that the PLRA and its exhaustion requirements are not applicable to habeas corpus proceedings. Id. (listing cases). The undersigned agrees with the reasoning of the Southern District of West Virginia and finds that a prisoner's challenge to the execution of his sentence under § 2241 is not subject to the PLRA's exhaustion requirements.

7

to notify the agency when release of the prisoner is imminent." Id.

The issuance of the detainer "is an act of the state based on the state's law and process." Esposito v. Mintz, 726 F.2d, 371, 373 (7th Cir. 1984). Therefore, the "proper jurisdictional basis" for a challenge to a detainer that "does not question the current detention under [a] federal judgment of conviction" is 28 U.S.C. § 2254. Id. In Esposito, the Seventh Circuit upheld the district court's dismissal of a petition for writ of habeas corpus under 28 U.S.C. § 2241: "We hold that a habeas corpus petition challenging only the validity of a state detainer must be brought pursuant to 28 U.S.C. § 2254 and that the petitioner must show that he has exhausted available state remedies before applying to a Federal district court for relief." Id.

In this particular case, the petitioner does not challenge any aspect of his present confinement or any effect that the allegedly invalid detainer has on the conditions of his federal incarceration, allegations which would properly invoke jurisdiction under 28 U.S.C. § 2241. Norris v. Georgia, 522 F.2d 1006, 1011-12 (4th Cir. 1975). Instead, he is contesting the manner in which Colorado authorities have applied state law to determine the duration of his obligation on parole pursuant to his conviction in the Arapahoe County, Colorado District Court.[3] Therefore, his challenge cannot be raised in a writ of habeas corpus under § 2241.[4] If the petitioner wishes to challenge the detainer, he must do so in a Colorado court because his complaint is with the State of Colorado and not the

---

[3]As previously noted, the petitioner received a state sentence of 78 months and three years parole to run concurrently with his federal sentence. Based on correspondence between L.M. Barese, the Correctional Systems Officer for USP Hazelton and the Detainer Coordinator for the Colorado Department of Corrections, the petitioner's state parole will not expire until September 13, 2010, and Colorado authorities have no intention of removing the detainer. (Doc. 12-1, p.3). Accordingly, it would appear that upon expiration of the petitioner's federal sentence on May 28, 2010, he will be subject to the authority of the State of Colorado.

[4]Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).

BOP. If he exhausts his methods for relief in state court and is still not satisfied, he may then file a petition for habeas corpus under 28 U.S.C. § 2554[5] in a Colorado federal court.

## VI. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Doc. 11) be **GRANTED** and the petitioner's §2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE** to his right to exhaust his state remedies and pursue a §2254 petition in the appropriate federal court in Colorado if he is still dissatisfied with the state's calculation of the expiration of his parole.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative

---

[5]Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court...on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Procedures for Electronic Filing in the United States District Court.

DATED: September 4, 2009

                                            /s/ James E. Seibert
                                            JAMES E. SEIBERT
                                            UNITED STATES MAGISTRATE JUDGE